IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MONTGOMERY CARL AKERS,

Plaintiff,

v.

JACQUELYN E. ROKUSEK, et al.,

Defendants.
_____/

No. C 09-03547 SBA (PR)

**ORDER OF DISMISSAL**

Plaintiff, a federal prisoner in custody at the U.S. Penitentiary Max in Florence, Colorado, has filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), for a "violation of his Fourth Amendment rights." (Compl. at 3.) Thereafter, the Court issued an Order of Dismissal With Leave to Amend. (Docket No. 5.)

Before the Court is Plaintiff's amended complaint. (Docket No. 8.) The Court now reviews the amended complaint to determine whether it states cognizable claims for relief.

**DISCUSSION**

In its Order of Dismissal With Leave to Amend, the Court summarized the action as follows:

> In his complaint, Plaintiff alleges that Assistant United States Attorney Jacquelyn E. Rokusek as well as Melissa Doe and Raymond Lapietra from the Federal Bureau of Investigation [FBI] have "violated his Fourth Amendment rights" by taking property found in March, 2008 at his business, 19213 El Camino Real, Sunnyvale, California. Plaintiff further states that Defendants claimed they had a warrant to search his business and "confiscated negotiable instruments of an undetermined value." (Compl. at 3.)
>
> Plaintiff, who is currently serving his federal sentence, moves the Court for return of the seized property, "costs of litigation," and injunctive relief.

(Nov. 16, 2009 Order at 1-2 (brackets added).)

The Court determined that it was unclear from the allegations of the complaint whether Plaintiff was challenging a seizure that was related to his federal criminal conviction. The Court further stated, "If so, his request should be presented as a motion to return property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, and such a motion should be filed in his federal

criminal case instead of a separate civil action." (Id. at 2.) The Court then dismissed Plaintiff's complaint with leave to amend in order to give Plaintiff the opportunity to explain whether he was challenging a seizure related to his federal criminal conviction. The Court also directed Plaintiff to supply "information about his federal criminal conviction, including the case number of his federal criminal case, the charges he has been convicted of, and the terms of his sentence." (Id.)

In his amended complaint, Plaintiff states that "the allegations of his complaint do not challenge a seizure related to his conviction in federal court, United State District Court, District of Kansas, Case No. 04-20089-KHU-1, USA v. Akers." (Am. Compl., Attach. at 1.) He adds that "[t]he acts and actions of the Defendants took place long after Plaintiff's conviction in Kansas and his complaint allegations are in no way related to Plaintiff's Kansas Federal Conviction." (Id. at 2.) In the "Relief" section of his amended complaint, Plaintiff requests the Court to "reopen civil matter No. 09-3457-SBA," which is the instant action. (The Court notes that the present action has not been closed. As mentioned above, it was dismissed with leave to amend.) In that same "Relief" section, Plaintiff directs the Court to "see original complaint." While in his original complaint he requests "return of [the] seized property, costs of litigation, including attorney['s] and filing fees under 42 U.S.C. § 1988 [and] injunctive relief," (Compl. at 3), Plaintiff does not specify whether he seeks both damages and injunctive relief. Therefore, the Court, out of an abundance of caution, will address all possible claims for damages and injunctive relief, which are both appropriate in a Bivens action. See Bivens, 403 U.S. at 404 (Harlan, J., concurring).

**I.    Claims for Damages**

**A.    Claims Against Assistant United States Attorney Rokusek**

Defendant Rokusek, who is being sued in her capacity as an Assistant United States Attorney, is absolutely immune from a suit for damages. When prosecutors function as advocates in initiating a prosecution and presenting the government's case, they are absolutely immune from suit. Buckley v. Fitzsimmons, 509 U.S. 259, 272-73 (1993); Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976). Prosecutors, however, receive only qualified immunity for their "administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." Buckley, 509 U.S. at 273-76 (no absolute immunity for

prosecutor's fabrication of false evidence during preliminary investigation of crime); accord Burns v. Reed, 500 U.S. 478, 496 (1991) (no absolute immunity for prosecutor's legal advice to police regarding method of interrogation and existence of probable cause to arrest suspect).

As mentioned above, Plaintiff alleged in his original complaint that district court issued a warrant to search his business in Sunnyvale. Plaintiff claims Defendants, armed with the warrant, confiscated "negotiable instruments of an undetermined value." (Compl. at 3.) The Court presumes that Defendant Rokusek acted by initiating the forfeiture action; however, such acts are within her prosecutorial function. See Buckley, 509 U.S. 259, 272-73 (initiation of action is prosecutorial function).

Accordingly, all claims brought for damages against Defendant Rokusek are DISMISSED because she is absolutely immune from suit.

**B.     Claims Against Federal Bureau of Investigation Agents Doe and Lapietra**

Plaintiff also fails to state a claim for relief for damages against Defendants Doe and Lapietra, the FBI agents named in his complaint. "Bivens provides a cause of action against federal agents only in their individual capacities and requires a showing of personal involvement." Guerrero-Aguilar v. Ruano, No. 04-40808, 833, 2004 WL 2980174 at *1 (5th Cir. Dec. 17, 2004) (citing cases). In order to maintain a cause of action against Defendants Doe and Lapietra, Plaintiff must allege facts which, if proved, show that these Defendants were personally involved in retaining or disposing of the property seized. See Caldwell v. United States, No. 98-35232, 1999 WL 397746 at * 1 (9th Cir. May 27, 1999) (affirming summary judgment in favor of individual defendants in Bivens action seeking return of currency where plaintiff failed to prove personal involvement in the retention or disposition of currency). Plaintiff alleges in his original complaint that the "negotiable instruments of an undetermined value" were seized by the "federal agents" of the FBI. (Compl. at 3.) Nowhere does Plaintiff indicate Defendants Doe's and Lapietra's personal involvement in depriving him of his property or that they were involved in the decision to confiscate the property. Instead, such a decision was made by the FBI as an agency. Moreover, even if Plaintiff had named the FBI as a Defendant, that agency is not a proper party to a Bivens action. The purpose of Bivens is to deter federal officers -- not federal agencies. See F.D.I.C. v. Meyer, 510 U.S. 471, 484-85

3

1  (1994) ("If we were to imply a damages action directly against federal agencies, thereby permitting
2  claimants to bypass qualified immunity, there would be no reason for aggrieved parties to bring
3  damages actions against individual officers . . . [and] the deterrent effects of the Bivens remedy
4  would be lost.").  Consequently, Plaintiff cannot sue the FBI under Bivens.  See Murphy v.
5  Gordwin, No. 06-16924, 2007 WL 4570579 at *1 (9th Cir. Dec. 28, 2007) (affirming dismissal of
6  Bivens claim against FBI); Smith v. F.B.I., No. 01-1384, 2001 WL 1450814 at *1 (6th Cir. Nov. 6,
7  2001) (same).

8  Accordingly, all claims for damages against Defendants Doe and Lapietra are DISMISSED
9  for failure to state a claim for relief.

10 **II.     Claim for Injunctive Relief (Return of Seized Property)**

11  Plaintiff's amended complaint concerns a challenge to a seizure stemming from what appears
12 to be the result of a civil forfeiture action subsequent to his conviction in federal court.  Therefore,
13 the Court finds that his challenge does not relate to the conditions of his confinement.  A challenge
14 to a subsequent civil forfeiture action does not lie in a civil rights action pursuant to Bivens; such an
15 action typically is the avenue for prisoners who are seeking relief related to the conditions of
16 confinement to the extent that these prisoners seek monetary and injunctive relief concerning staff
17 interference and retaliation, orders concerning the possession of evidence relating to the incident
18 report, changes in their classification points and custody classification, termination of close
19 supervision, and transfer or release to a residential drug abuse program.  Furthermore, a challenge to
20 a subsequent civil forfeiture action does not lie in federal habeas (neither 28 U.S.C. §§ 2241 nor
21 2255), as the petitioner will not be "in custody" for the action he wishes to challenge, i.e. the civil
22 forfeiture.  Instead, the proper vehicle to raise such a claim is a suit under 5 U.S.C. §§ 702, 704.
23 These provisions permit a district court to review the constitutionality of a forfeiture if (1) the
24 claimant is seeking only return of the property, no money damages, and (2) there is no adequate
25 remedy in another forum.  See United States v. Clagett, 3 F.3d 1355, 1356 (9th Cir. 1993); Marshall
26 Leasing, Inc. v. United States, 893 F.2d 1096, 1099-1100 (9th Cir. 1990).  At least one district court
27 in this circuit has taken this approach.  See Quiñones-Ruiz v. United States, 873 F. Supp. 359, 361
28 (S.D. Cal. 1995).

4

Here, if Plaintiff is seeking only return of the forfeited property, he would meet the first part of the test. However, without more information, there is a question as to whether there was an adequate remedy in another forum. See Clagett, 3 F.3d at 1356 n.1 ("[I]f notice was adequate the forfeiture proceeding provided an adequate legal remedy and Clagett will not be entitled to equitable relief."). Nevertheless, the Court need not make that determination at this juncture. Instead, the Court DISMISSES this Bivens action without prejudice to re-filing it as a suit under 5 U.S.C. §§ 702, 704.

## CONCLUSION

For the foregoing reasons, the instant complaint is hereby DISMISSED. If Plaintiff seeks to challenge a civil forfeiture action, the dismissal is without prejudice to re-filing this suit under 5 U.S.C. §§ 702, 704. The Court has rendered its final decision on this matter; therefore, this Order TERMINATES Plaintiff's case.

The Clerk of the Court shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: 8/1/12

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTGOMERY CARL AKERS, | Case Number: CV09-03547 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| JACQUELYN E. ROKUSEK et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 3, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Montgomery Carl Akers 02866-081
U.S. Penitentiary Max
P.O. Box 8500
Florence, CO 81226

Dated: August 3, 2012

Richard W. Wieking, Clerk
By: Lisa Clark, Deputy Clerk

**United States District Court**
For the Northern District of California