**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MONTGOMERY CARL AKERS,

      Plaintiff,

v.

JACQUELYN E. ROKUSEK, et al.,

      Defendants.

———————————————————/

No. C 09-03547 SBA (PR)

**<u>ORDER OF DISMISSAL</u>**

Plaintiff, a federal prisoner in custody at the U.S. Penitentiary Max in Florence, Colorado, has filed this <u>pro se</u> civil rights action pursuant to 42 U.S.C. § 1983 under <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971), for a "violation of his Fourth Amendment rights."  (Compl. at 3.)  Thereafter, the Court issued an Order of Dismissal With Leave to Amend.  (Docket No. 5.)

Before the Court is Plaintiff's amended complaint.  (Docket No. 8.)  The Court now reviews the amended complaint to determine whether it states cognizable claims for relief.

**<u>DISCUSSION</u>**

In its Order of Dismissal With Leave to Amend, the Court summarized the action as follows:

> In his complaint, Plaintiff alleges that Assistant United States Attorney Jacquelyn E. Rokusek as well as Melissa Doe and Raymond Lapietra from the Federal Bureau of Investigation [FBI] have "violated his Fourth Amendment rights" by taking property found in March, 2008 at his business, 19213 El Camino Real, Sunnyvale, California.  Plaintiff further states that Defendants claimed they had a warrant to search his business and "confiscated negotiable instruments of an undetermined value."  (Compl. at 3.)

> Plaintiff, who is currently serving his federal sentence, moves the Court for return of the seized property, "costs of litigation," and injunctive relief.

(Nov. 16, 2009 Order at 1-2 (brackets added).)

The Court determined that it was unclear from the allegations of the complaint whether Plaintiff was challenging a seizure that was related to his federal criminal conviction.  The Court further stated, "If so, his request should be presented as a motion to return property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, and such a motion should be filed in his federal

**United States District Court**
For the Northern District of California

1   criminal case instead of a separate civil action." (Id. at 2.)  The Court then dismissed Plaintiff's

2   complaint with leave to amend in order to give Plaintiff the opportunity to explain whether he was

3   challenging a seizure related to his federal criminal conviction.  The Court also directed Plaintiff to

4   supply "information about his federal criminal conviction, including the case number of his federal

5   criminal case, the charges he has been convicted of, and the terms of his sentence." (Id.)

6       In his amended complaint, Plaintiff states that "the allegations of his complaint do not

7   challenge a seizure related to his conviction in federal court, United State District Court, District of

8   Kansas, Case No. 04-20089-KHU-1, USA v. Akers." (Am. Compl., Attach. at 1.)  He adds that

9   "[t]he acts and actions of the Defendants took place long after Plaintiff's conviction in Kansas and

10  his complaint allegations are in no way related to Plaintiff's Kansas Federal Conviction." (Id. at 2.)

11  In the "Relief" section of his amended complaint, Plaintiff requests the Court to "reopen civil matter

12  No. 09-3457-SBA," which is the instant action.  (The Court notes that the present action has not

13  been closed.  As mentioned above, it was dismissed with leave to amend.)  In that same "Relief"

14  section, Plaintiff directs the Court to "see original complaint."  While in his original complaint he

15  requests "return of [the] seized property, costs of litigation, including attorney['s] and filing fees

16  under 42 U.S.C. § 1988 [and] injunctive relief," (Compl. at 3), Plaintiff does not specify whether he

17  seeks both damages and injunctive relief.  Therefore, the Court, out of an abundance of caution, will

18  address all possible claims for damages and injunctive relief, which are both appropriate in a Bivens

19  action.  See Bivens, 403 U.S. at 404 (Harlan, J., concurring).

20  **I.   Claims for Damages**

21          **A.     Claims Against Assistant United States Attorney Rokusek**

22      Defendant Rokusek, who is being sued in her capacity as an Assistant United States

23  Attorney, is absolutely immune from a suit for damages.  When prosecutors function as advocates in

24  initiating a prosecution and presenting the government's case, they are absolutely immune from suit.

25  Buckley v. Fitzsimmons, 509 U.S. 259, 272-73 (1993); Imbler v. Pachtman, 424 U.S. 409, 430-31

26  (1976).  Prosecutors, however, receive only qualified immunity for their "administrative duties and

27  those investigatory functions that do not relate to an advocate's preparation for the initiation of a

28  prosecution or for judicial proceedings." Buckley, 509 U.S. at 273-76 (no absolute immunity for

**United States District Court**
For the Northern District of California

1  prosecutor's fabrication of false evidence during preliminary investigation of crime); <u>accord</u> <u>Burns v.</u>

2  <u>Reed</u>, 500 U.S. 478, 496 (1991) (no absolute immunity for prosecutor's legal advice to police

3  regarding method of interrogation and existence of probable cause to arrest suspect).

4  As mentioned above, Plaintiff alleged in his original complaint that district court issued a

5  warrant to search his business in Sunnyvale.  Plaintiff claims Defendants, armed with the warrant,

6  confiscated "negotiable instruments of an undetermined value."  (Compl. at 3.)  The Court presumes

7  that Defendant Rokusek acted by initiating the forfeiture action; however, such acts are within her

8  prosecutorial function.  <u>See</u> <u>Buckley</u>, 509 U.S. 259, 272-73 (initiation of action is prosecutorial

9  function).

10  Accordingly, all claims brought for damages against Defendant Rokusek are DISMISSED

11  because she is absolutely immune from suit.

12  **B.    Claims Against Federal Bureau of Investigation Agents Doe and Lapietra**

13  Plaintiff also fails to state a claim for relief for damages against Defendants Doe and

14  Lapietra, the FBI agents named in his complaint.  "<u>Bivens</u> provides a cause of action against federal

15  agents only in their individual capacities and requires a showing of personal involvement."

16  <u>Guerrero-Aguilar v. Ruano</u>, No. 04-40808, 833, 2004 WL 2980174 at *1 (5th Cir. Dec. 17, 2004)

17  (citing cases).  In order to maintain a cause of action against Defendants Doe and Lapietra, Plaintiff

18  must allege facts which, if proved, show that these Defendants were personally involved in retaining

19  or disposing of the property seized.  <u>See</u> <u>Caldwell v. United States</u>, No. 98-35232, 1999 WL 397746

20  at * 1 (9th Cir. May 27, 1999) (affirming summary judgment in favor of individual defendants in

21  <u>Bivens</u> action seeking return of currency where plaintiff failed to prove personal involvement in the

22  retention or disposition of currency).   Plaintiff alleges in his original complaint that the "negotiable

23  instruments of an undetermined value" were seized by the "federal agents" of the FBI.  (Compl. at

24  3.)  Nowhere does Plaintiff indicate Defendants Doe's and Lapietra's personal involvement in

25  depriving him of his property or that they were involved in the decision to confiscate the property.

26  Instead, such a decision was made by the FBI as an agency.  Moreover, even if Plaintiff had named

27  the FBI as a Defendant, that agency is not a proper party to a <u>Bivens</u> action. The purpose of <u>Bivens</u>

28  is to deter federal officers -- not federal agencies.  <u>See</u> <u>F.D.I.C. v. Meyer</u>, 510 U.S. 471, 484-85

**United States District Court**
For the Northern District of California

1   (1994) ("If we were to imply a damages action directly against federal agencies, thereby permitting

2   claimants to bypass qualified immunity, there would be no reason for aggrieved parties to bring

3   damages actions against individual officers . . . [and] the deterrent effects of the <u>Bivens</u> remedy

4   would be lost."). Consequently, Plaintiff cannot sue the FBI under <u>Bivens</u>. <u>See</u> <u>Murphy v.</u>

5   <u>Gordwin</u>, No. 06-16924, 2007 WL 4570579 at *1 (9th Cir. Dec. 28, 2007) (affirming dismissal of

6   <u>Bivens</u> claim against FBI); <u>Smith v. F.B.I.</u>, No. 01-1384, 2001 WL 1450814 at *1 (6th Cir. Nov. 6,

7   2001) (same).

8         Accordingly, all claims for damages against Defendants Doe and Lapietra are DISMISSED

9   for failure to state a claim for relief.

10   **II.**   **Claim for Injunctive Relief (Return of Seized Property)**

11         Plaintiff's amended complaint concerns a challenge to a seizure stemming from what appears

12   to be the result of a civil forfeiture action subsequent to his conviction in federal court. Therefore,

13   the Court finds that his challenge does not relate to the conditions of his confinement. A challenge

14   to a subsequent civil forfeiture action does not lie in a civil rights action pursuant to <u>Bivens</u>; such an

15   action typically is the avenue for prisoners who are seeking relief related to the conditions of

16   confinement to the extent that these prisoners seek monetary and injunctive relief concerning staff

17   interference and retaliation, orders concerning the possession of evidence relating to the incident

18   report, changes in their classification points and custody classification, termination of close

19   supervision, and transfer or release to a residential drug abuse program. Furthermore, a challenge to

20   a subsequent civil forfeiture action does not lie in federal habeas (neither 28 U.S.C. §§ 2241 nor

21   2255), as the petitioner will not be "in custody" for the action he wishes to challenge, i.e. the civil

22   forfeiture. Instead, the proper vehicle to raise such a claim is a suit under 5 U.S.C. §§ 702, 704.

23   These provisions permit a district court to review the constitutionality of a forfeiture if (1) the

24   claimant is seeking only return of the property, no money damages, and (2) there is no adequate

25   remedy in another forum. <u>See</u> <u>United States v. Clagett</u>, 3 F.3d 1355, 1356 (9th Cir. 1993); <u>Marshall</u>

26   <u>Leasing, Inc. v. United States</u>, 893 F.2d 1096, 1099-1100 (9th Cir. 1990). At least one district court

27   in this circuit has taken this approach. <u>See</u> <u>Quiñones-Ruiz v. United States</u>, 873 F. Supp. 359, 361

28   (S.D. Cal. 1995).

1     Here, if Plaintiff is seeking only return of the forfeited property, he would meet the first part

2  of the test.  However, without more information, there is a question as to whether there was an

3  adequate remedy in another forum.  See Clagett, 3 F.3d at 1356 n.1 ("[I]f notice was adequate the

4  forfeiture proceeding provided an adequate legal remedy and Clagett will not be entitled to equitable

5  relief.").  Nevertheless, the Court need not make that determination at this juncture.  Instead, the

6  Court DISMISSES this Bivens action without prejudice to re-filing it as a suit under 5 U.S.C.

7  §§ 702, 704.

8                                    **CONCLUSION**

9     For the foregoing reasons, the instant complaint is hereby DISMISSED.  If Plaintiff seeks to

10 challenge a civil forfeiture action, the dismissal is without prejudice to re-filing this suit under 5

11 U.S.C. §§ 702, 704.  The Court has rendered its final decision on this matter; therefore, this Order

12 TERMINATES Plaintiff's case.

13    The Clerk of the Court shall terminate all pending motions and close the file.

14    IT IS SO ORDERED.

15 DATED:    8/1/12

16                                              SAUNDRA BROWN ARMSTRONG
                                                United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MONTGOMERY CARL AKERS,                          Case Number: CV09-03547 SBA

          Plaintiff,                              **CERTIFICATE OF SERVICE**

  v.

JACQUELYN E. ROKUSEK et al,

          Defendant.
_____/

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 3, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Montgomery Carl Akers 02866-081
U.S. Penitentiary Max
P.O. Box 8500
Florence, CO 81226

Dated: August 3, 2012

                                  Richard W. Wieking, Clerk
                                  By: Lisa Clark, Deputy Clerk

**United States District Court**
For the Northern District of California