UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MONTGOMERY CARL AKERS,<br><br>    Plaintiff,<br><br>   vs.<br><br>JACQUELINE E. ROKUSEK, et al.,<br><br>    Defendants. | Case No: C 09-3547 SBA<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>Docket 11 |

The parties are presently before the Court on Plaintiff's Motion for Vacating Its Order Dismissing the Complaint in this Matter and Reconsideration of the Court's Order. Dkt. 11. Specifically, pursuant to Federal Rule of Civil Procedure 60(b), Plaintiff moves for reconsideration of the Court's order dismissing his action on August 3, 2012. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion for the reasons set forth below.

I.   **BACKGROUND**

Plaintiff, a federal prisoner currently in custody at the U.S. Penitentiary, Marion, Illinois, filed this pro se civil rights action against Assistant United States Attorney Jacquelyn E. Rokusek as well as Federal Bureau of Investigation ("FBI") Agents Melissa Doe and Raymond Lapietra, all of whom were involved in his federal prosecution.[1]

---

[1] Plaintiff filed his Complaint using a form for civil rights actions under 42 U.S.C. § 1983. However, since federal actors were named as Defendants, the Court construed the Complaint as an attempt to state claims under <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971).

He alleged that Defendants violated his Fourth Amendment rights by taking property from his business located in Sunnyvale, California, in March 2008.  Compl. at 3.  Defendants allegedly claimed that they had a warrant to search his business and "confiscated negotiable instruments of an undetermined value."  Id.  As relief, Plaintiff sought the return of his seized property, recovery of litigation costs, and injunctive relief.   Pursuant to 28 U.S.C. § 1915A(a), the Court screened the Complaint and dismissed it with leave to amend.  Dkt. 5.  In its ruling, the Court explained that if Plaintiff was challenging a seizure relating to his conviction, his remedy was to bring a motion under Federal Rule of Criminal Procedure 41(g) in his prior criminal case.

On December 14, 2009, Plaintiff filed an amended complaint in which he alleged that "the allegations of his complaint do not challenge a seizure related to his conviction in federal court, United State District Court, District of Kansas, Case No. 04-20089-KHU-1, USA v. Akers."  Dkt. 8.  He further alleged that "[t]he acts and actions of the Defendants took place long after Plaintiff's conviction in Kansas and his complaint allegations are in no way related to Plaintiff's Kansas Federal Conviction."  Id. at 2.  In terms of relief, Plaintiff referred the Court to his original Complaint.  Am. Compl. at 3.

On August 3, 2012, the Court dismissed Plaintiff's Amended Complaint.  Dkt. 10.  As to Defendant Rokusek, the Court noted that, as an Assistant United States Attorney and prosecutor, she is absolutely immune from a damages suit.  Id. at 2.  With regard to FBI Agents Doe and Lapietra, the Court found that Plaintiff had failed to allege any facts establishing their personal involvement in the alleged confiscation of his property or the decision to seize the property.  Id. at 3.  As a result, the Court found no basis for imposing liability against these Defendants pursuant to Bivens.  Finally, the Court found that to the extent that Plaintiff was attempting to challenge the confiscation of property pursuant to a civil forfeiture, he could not pursue such a claim as a Bivens action.  Id. at 4.  Rather, Plaintiff's remedy was to refile his claim under the provisions of 5 U.S.C. §§ 702 and 704.  Id. at 5.

1  Plaintiff has now filed a motion seeking reconsideration of the Court's dismissal
2  order. Dkt. 11. In particular, he alleges that the Court "dismissed this case based upon
3  erroneous application of case law" and that the Court failed to consider facts contained in
4  his Third Amended Complaint ("TAC") and Fourth Amended Complaint ("FAC"). He
5  requests that the Court vacate its prior dismissal and order the Marshals to serve his FAC.

## II. DISCUSSION

Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). The decision of whether to grant reconsideration under Rule 60(b) is a matter of the district court's discretion. See De Saracho v. Custom Food Mach., Inc., 206 F.3d 874, 880 (9th Cir. 2000).

Plaintiff argues that the Court erred in dismissing the action without first considering either his TAC or FAC. Plaintiff asserts that he filed the TAC on July 18, 2011 and the FAC on December 12, 2011. However, the Court has no record of having received those pleadings, neither of which was filed in ECF on or near those dates.[2] Nor has Plaintiff provided any proof that he, in fact, submitted either pleading for filing. The Court thus did not err in failing to consider pleadings that were never filed.

Equally without merit is Plaintiff's contention that reconsideration is warranted on the grounds that Defendant Rokusek is "not immune from damages" and that Defendants in fact were personally involved in the confiscation of his property because "Rokusek (as well as all the other Defendants) were not acting (as authorized) by the United States Attorney's Office or the Federal Bureau of Investigation in any sanctioned and official capacity." Mot. at 2. In support of this contention, Plaintiff cites to his TAC which alleges that "[b]ased

---

[2] A copy of the TAC is attached to Plaintiff's motion.

- 3 -

upon <u>newly discovered evidence received on April 10, 2011</u>, [he] avers that the Defendant's [sic], and each of them, conspired to deprive [him] of his property . . . ." Attachment to Mot. at 1 (emphasis added). Thus, by Plaintiff's own account, the purportedly newly-discovered evidence was available to Plaintiff prior to the Court's August 3, 2012 dismissal order. A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." <u>Kona Enters., Inc. v. Estate of Bishop</u>, 229 F.3d 877, 890 (9th Cir. 2000).

## III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's Motion for Vacating Its Order Dismissing the Complaint in this Matter and Reconsideration of the Court's Order is DENIED.

2. This Order terminates Docket 11.

IT IS SO ORDERED.

Dated: September 30, 2013

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

G:\PRO-SE\SBA\CR.09\Akers3547.Denying Motion for Reconserdation.docx